## L. AHLO *v.* C. BOLTE and THE KANEOHE RANCH COMPANY, LIMITED.

APPEAL FROM JUDGE, FIRST CIRCUIT.

SUBMITTED JUNE 18, 1903.        DECIDED JULY 14, 1903.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

Where a complainant asks for and is entitled to a decree of dismissal without prejudice, the fact that such dismissal is without prejudice should be made clearly to appear on the face of the decree.

OPINION OF THE COURT BY PERRY, J.

This suit was instituted in August, 1902, the answer was filed the following month and a replication thereto on February 25, 1903. On February 24, 1903, the complainant filed a discontinuance reading, "Plaintiff discontinues the above suit," and at the same time moved for a decree dismissing the bill without prejudice, stating that that course was followed because he believed it to be to his best interests to seek a remedy at law. Respondents thereupon, on the same day, moved for a decree dismissing the bill *with prejudice,* basing such motion upon an affidavit to the effect that one David Rice, a resident of Boston, Mass., had come to Honolulu for the sole purpose of testifying in this suit and was anxious to return to his home, and that the

respondents had incurred large expense and great inconvenience in preparing for the trial. On February 25 the complainant filed a motion to amend his discontinuance by adding the words "without prejudice" and on the following day a withdrawal of the discontinuance and also a motion in these words: "Plaintiff herein being advised by counsel that it is for his best interests to cease further proceedings herein and to bring appropriate proceedings at law instead covering the matters in controversy herein hereby moves the court for an order and decree dismissing plaintiff's bill of complaint without prejudice, plaintiff to pay costs." The court declined to decide whether the dismissal should be with or without prejudice and signed a decree reading, "Upon motion of plaintiff and payment of costs to be taxed, the bill stands dismissed," specifically holding that the question whether the decree so signed would operate as a bar to other proceedings between the same parties and concerning the same subject matter was one to be passed upon when raised in some subsequent proceeding. The complainant appealed.

There is much authority in support of the view that, as a general rule, a complainant may, before trial and before decree, final or interlocutory, voluntarily terminate his suit by discontinuance or dismissal as of right. Without going to that extent, however, and assuming that the granting of leave to discontinuance or dismiss is within the discretion of the court, still such discretion is a legal and not an arbitrary one and leave will ordinarily be granted almost as matter of course. In exceptional cases, perhaps, where since the institution of the suit the respondent has by decree or otherwise acquired new rights or where his interest would be otherwise prejudiced by a dismissal without prejudice, leave may properly be refused. No such showing has been made as will bring the case at bar within the exceptions. The complainant should have been permitted to discontinue without prejudice, and this was the end which he sought both by the motion for leave to amend the discontinuance and by the final motion for a decree of dismissal.

It is contended, however, and the position of the Circuit Judge seems to have been, that correct practice does not permit a specific statement in the decree as to whether or not the dismissal is without prejudice. We cannot take this view. Courts should, in their own orders and decrees, as well as in the contracts and other instruments drawn up by and between individuals, favor the use of such language as will make the intent entirely clear and thus leave no room for subsequent misunderstandings and possible litigation. In equity a simple decree of dismissal, without more, is presumed to have been upon the merits and is a bar. *Durant v. Essex Company,* 7 Wall. 107, 109. It is at least capable of the construction that it was upon the merits. Where, then, the party is entitled to a dismissal *without prejudice* and the court making the decree so rules and intends that such shall be its effect, why not say so specifically and avoid the possibility of future controversy on the point? That, we think, would be the correct course under such circumstances. If, on the other hand, the court below was of the opinion that the dismissal should be absolute and should operate as a bar, it should have so ruled definitely and thus have enabled the complainant to decide intelligently as to what course to pursue in view of such ruling.

The appeal is sustained and the cause remanded to the Circuit Judge with instructions to amend the decree by adding thereto the words "without prejudice."

*Kinney, McClanahan & Bigelow* for complainant.

*Robertson & Wilder* for respondent.