ZELDA M. CLIFFORD *v.* ROBERT K. CLIFFORD.

NOS. 3083 AND 3084.

ARGUED OCTOBER 11, 1956.                    DECIDED OCTOBER 25, 1956.

RICE, C. J., STAINBACK AND MARUMOTO, JJ.

*Per Curiam.* Libelant-appellee, hereinafter called the libelant, sued the libelee-appellant, hereinafter called the libelee, for absolute divorce; the case was duly heard on December 30, 1955. The trial court orally made a finding for libelant awarding alimony and support. Before any decree was entered, the attorney for libelant withdrew. A form of decree was presented by libelee which the trial judge refused to sign. Libelant obtained new counsel who, after making a motion to amend the libel for divorce, which motion was partially heard, filed a motion to discontinue which was allowed by the trial judge.

On March 1, 1956, libelant filed another libel for divorce from bed and board, the grounds therefor being identical with those set forth in the prior libel. Libelee on March 2 filed a motion to set aside the previous order of discontinuance and, in the alternative, moved for a discontinuance with prejudice. This motion was denied. An amended motion for discontinuance without prejudice was filed by libelant on March 8 and allowed. An appeal and notice of appeal was filed on March 16 from the discontinuance. On April 9 an order denying the motion to set aside the discontinuance and amended discontinuance without prejudice was filed and an appeal and notice of appeal was taken from this order.

The question before this court is whether the trial court abused its discretion in allowing a discontinuance after a

hearing and oral finding for libelant and in refusing to set aside the discontinuance formerly allowed.

The libelant contends that she may discontinue as a matter of right, citing *Ahlo* v. *Bolte,* 15 Haw. 130, as indicating that this is the law in Hawaii, but if a discontinuance is a matter of the trial court's discretion the trial court did not err here because the court had reasonable grounds for its action as at the hearing on motion to allow discontinuance evidence was presented that libelant had not fully understood her legal rights and the court had not heard fully concerning the division of property and had insufficient opportunity to determine property rights.

, In divorce matters the courts have usually held that the libelant may as a matter of right discontinue litigation prior to the entry of judgment or decree of divorce. (17 Am. Jur., *Divorce,* § 347, pp. 323, 324.)

"The right of the plaintiff in a divorce or separation action to a dismissal of his or her bill, without the consent of the defendant, at any time before final decree, providing no cross bill or answer asking affirmative relief has been filed, and the defendant has not acquired some substantial right since the commencement of the suit, of which he or she would be deprived by the dismissal, has been recognized in many cases." (138 A. L. R. 1101.)

In the case of *Ahlo* v. *Bolte,* 15 Haw. 130, 131, it was stated :

"There is much authority in support of the view that, as a general rule, a complainant may, before trial and before decree, final or interlocutory, voluntarily terminate his suit by discontinuance or dismissal as of right. Without going to that extent, however, and assuming that the granting of leave to discontinuance or dismiss is within the discretion of the court, still such discretion is a legal and not an arbitrary one and leave will ordinarily be granted almost as matter of course. In exceptional cases,

perhaps, where since the institution of the suit the respondent has by decree or otherwise acquired new rights or where his interest would be otherwise prejudiced by a dismissal without prejudice, leave may properly be refused. No such showing has been made as will bring the case at bar within the exceptions. The complainant should have been permitted to discontinue without prejudice, and this was the end which he sought both by the motion for leave to amend the discontinuance and by the final motion for a decree of dismissal."

The cases cited by the libelee may be distinguished as being cases where the trial judge refused to permit a discontinuance and the upper court held there was no abuse of discretion. Further, many of the cases cited by libelee are from jurisdictions where interlocutory decrees are granted and the attempts were to set aside such interlocutory decrees and discontinue the action.

Affirmed.

*W. Y. Char* (*Philip T. Chun* with him on the briefs) for libelee-appellant.

*Richard D. Welsh* (also on the brief) for libelant-appellee.