ZELDA M. CLIFFORD *v.* ROBERT K. CLIFFORD.

Nos. 4027 and 4028.

Argued January 15, 1958.　　　Decided January 24, 1958.

Rice, C. J., Stainback and Marumoto, JJ.

OPINION OF THE COURT BY STAINBACK, J.

Libelant and libelee were married in Honolulu on December 31, 1938, and resided in their home owned in joint

tenancy at 3988 Lurline Drive, Honolulu, together with an adopted child now about fifteen years of age, until about 1949, at which time the child was taken to the mainland and placed in a military academy.

In 1950 the husband, libelee, moved from the home and sued the libelant for divorce on the ground of grievous mental suffering (D. No. 37233). The action was commenced in October 1950 and terminated with the dismissal for lack of proof of the charges in the libel in November 1952. Thereafter, the husband proceeded to Reno, Nevada, and in September 1954 obtained a Reno divorce and returned to Honolulu to continue his previous employment here which he had never relinquished during his stay in Nevada on leave of absence from his Honolulu employer. The libelee made no claim that this was a valid divorce.

In September 1955 the wife, libelant, filed a libel for divorce in the court of the first circuit alleging grievous mental suffering, failure to provide suitable maintenance, and desertion. After a prolonged hearing the presiding judge entered an amended order granting the prayer of the libelant and making certain awards with respect to property. However, prior to entry of the decree, libelant changed attorneys and moved the libel be amended to ask for separate maintenance, which motion was granted, but libelant thereafter discontinued the proceeding in its entirety, which discontinuance was approved by the presiding judge, whose action was sustained by this court on appeal in *Clifford* v. *Clifford,* 41 Haw. 481.

In March 1956 libelant filed another suit (D. No. 45289) for divorce from bed and board on grounds of grievous mental suffering, failure to provide, and desertion. Later, in 1956, libelant filed still another libel for divorce from bed and board (D. No. 45591) alleging adultery as the ground therefor. Cases numbers 45289 and 45591 were consolidated for trial in the court below.

On February 11, 1957, the court filed its decision finding for the libelant on the ground of grievous mental suffering, desertion and failure to provide. The libel for adultery was dismissed.

The decree for divorce from bed and board provided, among other things, for alimony, the sale of real property standing in the joint names, and for a division of the property between libelant and libelee. The decree was limited to a period of thirty days.

Prior to the entry of the final decree, a motion was made by libelant's attorney for the allowance of a fee of $2500 for legal services. Apparently this motion for a fee was not ruled upon, it not appearing from the record that any fee was refused or allowed.

From the decree there was an appeal and a cross-appeal.

There is sufficient evidence to sustain the finding of the court that the libelant was entitled to a divorce on the grounds of grievous mental suffering, desertion and failure to provide. As to the contention that the allowance of alimony was inadequate, no doubt the court based its award to some extent upon the division of property.

Inasmuch as the court had no authority in a decree of divorce from bed and board to order a division of property, the matter of alimony must be re-examined; also the attorney is entitled to a ruling upon his motion for allowance of fee and this should be passed upon when the matter is again before the circuit court.

While under Act 77 of the Session Laws of Hawaii 1955, amending section 12226 of the Revised Laws of Hawaii 1945, authority is granted to the court to provide for a division of property of the parties upon the granting of a divorce, this relates to an absolute divorce but not to a decree of divorce from bed and board. The amendment, as it appears under the provisions of sections 324-37, Revised Laws of Hawaii 1955, provides that upon granting

a divorce the judge may make such further decrees or orders against defendant, compelling him to provide for the maintenance of the children of the marriage, to provide such suitable allowance for the wife for her support and, finally, to "divide and distribute the estate, real, personal, or mixed, whether community, joint, or separate, in such proportion as shall appear just and equitable, having regard to the respective merits of the parties, to the ability of the husband, to the condition in which they will be left by such divorce, to the burdens imposed upon it for the benefit of the children of such marriage, and all other circumstances of the case * * *."

But it will be noted there is no change in the provisions of section 12238 of the Revised Laws of Hawaii 1945, providing "Upon decreeing a *separation,* the judge may make such further decree for the support and maintenance of the wife and her children, by the husband, or out of his property, as may appear just and proper." (Emphasis added.) Identical language appears in section 324-63 of the Revised Laws of Hawaii 1955.

This court has decided under the provisions of this section that "The trial judge is not authorized upon granting a separation to order a conveyance to the wife of the real estate of the husband and to vest title therein in her." (*Gomes* v. *Gomes,* 26 Haw. 128.)

The effect of a separation from bed and board does not contemplate a permanent status. The parties are still in the eyes of the law husband and wife; the duty of the husband to support and maintain his wife remains undiminished; the wife still maintains her inchoate right of dower in the estate of her husband and the parties may be reconciled and resume their full marital relations. In fact, the purpose of the Act is to favor the reconciliation of the parties.

Section 12210 of the Revised Laws of Hawaii 1945

(R. L. H. 1955, § 324-20) provides: "But if the party applying for divorce shall not insist upon a divorce from the bond of matrimony, a divorce only from bed and board shall be granted, and the relations of the parties after such divorce shall be regulated by the laws concerning separation."

That the amendment did not contemplate any division of property other than where the person is divorced *a vinculo* is further shown by the report on House Bill 499 which was enacted as Act 77 of the Session Laws of Hawaii 1955, which states: "The purpose of this bill is to confer upon the judge who grants a *final decree of divorce* the power to make property settlements between the parties of all property, real, personal or mixed, whether held as community, joint or separate property." (Emphasis added.)

That a divorce from bed and board is not regarded as a final decree is not only supported by our decisions but by decisions from other jurisdictions.

"Generally, wherever alimony is awarded in connection with a limited divorce or separation, it is allowed only during the joint lives of the husband and wife or until reconciliation and recohabitation. *No obstacle to a restoration of the marital relations should be interposed by a decree for maintenance * * *.*" (17 Am. Jur., *Divorce and Separation,* § 696, p. 749.) (Emphasis added.)

"Alimony awarded on the dissolution of a marriage differs in one element from that awarded upon a separation. In the latter case the decree merely defines the continuous duty still existing on the part of the husband to support the wife, while in the former the marital obligation is terminated and the sole liability of the husband toward the wife springs from the decree." (17 Am. Jur., *Divorce and Separation,* § 699, p. 751.)

See also *McWilliams* v. *McWilliams,* 216 Ala. 16, 112

So. 318, where a divorce from bed and board was granted it was held that the lower court rightfully refused to order a division of property. The court stated that the divorce from bed and board is only a legal separation, the marriage continues in regard to everything not necessarily withdrawn from its operation by the decree, that the allowance to the wife under the court provision for divorce from bed and board differed from the provisions under a divorce *a vinculo,* that there is no requirement for a division of the property between husband and wife under the provisions for divorce from bed and board.

*In re Smith's Estate,* 276 N. Y. S. 646, held that the judgment for separation obtained by a wife did not dissolve the marriage relation but operated merely as the cessation of cohabitation, and did not deprive the wife of the privilege of election to take dower against the husband's will.

There are many other cases from other jurisdictions to the same effect.

The contention is made that the court committed error in decreeing such a short period of reconciliation of thirty days. There is no statutory limitation upon the court's fixing the period of separation except that it may not *exceed* two years.

The statute was enacted at the special session of 1941, amending sections 4484 and 4488 of the Revised Laws of Hawaii 1935, and adding a new section known as 4489-A relating to separation and divorce. As stated in the report of the committee of the senate, "The purpose of this bill is to place a limit of two years upon judicial separations, and if, within that period, the parties cannot effect a reconciliation, to permit either party, even the one at fault, to secure a divorce."

Obviously, thirty days is a very short time to allow parties to a separation to become reconciled. Apparently

the court must have concluded that reconciliation was impossible in view of the various suits that had been filed and more or less continuous litigation over a period of years. Be that as it may, we cannot say that under the circumstances as a matter of law thirty days is such an abuse of discretion and so unreasonable as to require a reversal of the decree on that point.

Inasmuch as the appeal operated as a stay and the decree was signed on the 15th day of January, 1957, so that more than twelve months have elapsed, no doubt when this case is returned to the court below the parties will have made up their minds as to whether a reconciliation is possible or whether a divorce *a vinculo* is desired by either.

When the question of the division of property was first raised the judge was of the opinion that he had no authority to order such and he therefore ruled out the offer of proof by the wife as to certain assets of the husband. If either of the parties should now elect to have a divorce *a vinculo*, full evidence should be adduced and the wife should not be limited in such proceeding to the husband's testimony.

REMANDED with directions that so much of the decision below as ordered a division of the property be vacated; that the question of alimony be re-examined in view of the vacation of the order of the division of property; and that the question of whether the attorney for the libelant is entitled to a fee and, if so, how much, must be passed upon.

In decreeing alimony the court should take into consideration the financial condition of the parties, the earning capacity of the husband, the social standing and conduct of the parties, and the needs of the wife. If either of the parties elects to have a divorce *a vinculo* and a division of property is ordered, full evidence should be adduced as to the amount of property held by the husband

and by the wife and their earnings.

*Richard D. Welsh* (also on the briefs) for libelant-appellant.

*Wai Yuen Char* (also on the brief) for libelee-appellee.