47 P.3d 747

Jo Ann Quon DONNELLY,
Plaintiff–Appellee,

v.

William Horace DONNELLY,
Defendant–Appellant.

No. 23462.

Intermediate Court of Appeals of Hawai'i.

May 6, 2002.

Certiorari Denied June 10, 2002.

R. Steven Geshell, Honolulu, on the briefs, for Defendant–Appellant.

Blake T. Okimoto, Honolulu, on the briefs, for Plaintiff–Appellee.

BURNS, C.J., WATANABE and FOLEY, JJ.

Opinion of the Court by BURNS, C.J.

Defendant–Appellant William Horace Donnelly (William) appeals from the May 3, 2000 Order Denying in Part and Granting in Part Motion for Reconsideration, Alteration or Amendment of Decree (Order Granting Motion for Amendment), entered by District Family Judge Linda K.C. Luke. We affirm the order appealed and remand for two changes to the January 15, 2000 Divorce Decree.

## SUMMARY

In this divorce case, the attorney for the husband presented to the family court, without notice to the family court of the deviation, a proposed divorce decree that substantively deviated from the family court's prior written decision and order. Prior to its signing of the proposed divorce decree, the family court noticed two substantive deviations and changed them. However, the family court failed to notice and change two other similar substantive deviations, entered the divorce decree, and the attorney for the wife did not timely file a motion for reconsideration of the divorce decree. In this situation, we conclude that Hawai'i Family Court Rules (HFCR) Rule 60(a) and Rule 60(b)(1) permitted the family court, upon motion, to correct its mistakes by changing the two other similar substantive deviations. There being no question as to what court action the motion seeking the amendment sought and why, the fact that the motion did not cite HFCR Rule 60 is inconsequential.

## BACKGROUND

William and Plaintiff–Appellee Jo Ann Quon Donnelly (Jo Ann) were married on February 18, 1990. Their son was born on November 5, 1995. William and Jo Ann separated in December of 1998. At that time, Jo Ann had retirement benefits under the State of Hawai'i Retirement Plan and William had retirement benefits under the following four retirement plans:

1. State of Hawai'i Retirement Plan
2. AETNA Deferred Compensation
3. Kyo–Ya Hotel Division
4. Kyo–Ya Hotel Division 401(k) Plan

After a trial on August 30 and 31, 1999, the three-page, single-spaced October 18, 1999 "Minute Order,"[1] signed by Judge Luke, stated the court's decision. This Minute Order stated: "RETIREMENT: Pursuant to Linson formula." This reference is to *Linson v. Linson*, 1 Haw.App. 272, 618 P.2d 748 (1980). Under *Linson*, the non-owner party is awarded one-half of a percentage of the owner's retirement. "The formula for determining the percentage is to divide 'the number of years credited to retirement during the marriage by the total number of years credited to retirement.' *Cassiday v. Cassiday*, 68 Haw. 383, 384 n.1, 716 P.2d 1133, 1135 n.1 (1986) (quoting *Cassiday v. Cassiday*, 6 Haw.App. 207, 213–14, 716 P.2d 1145, 1150 (1986))." *Stouffer v. Stouffer*, 10 Haw.App. 267, 277, 867 P.2d 226, 231 (1994). The marriage begins when the parties marry. The marriage ends when the divorce decree is effective. *Myers v. Myers*, 70 Haw. 143, 154, 764 P.2d 1237, 1244 (1988).[2]

1. Part of this case is governed by the Hawai'i Family Court Rules (HFCR) prior to their amendment effective January 1, 2000. HFCR Rule 52(a) (1998) states, in relevant part, that "[i]n all actions tried in the family court, the court may ... write and file its decision or 'decision and order' and direct the entry of or enter the appropriate decree or order[.]"

   In the instant case, on October 18, 1999, the court signed a document entitled "MINUTE ORDER" which, in fact, is a written decision and order. However, this document was not filed. It was merely placed in the back of the court record where the court minutes prepared by the clerk of the court and other unfiled documents are placed.

   Rule 10(a) of the Hawai'i Rules of Appellate Procedure (HRAP) provides that the record on appeal shall consist of the following:

   (1) the original papers filed in the court or agency appealed from;

   (2) written jury instructions given, or requested and refused or modified over objection;

   (3) exhibits admitted into evidence or refused;

   (4) the transcript of any proceedings prepared pursuant to the provisions of Rule 10(b);

   (5) in a criminal case where the sentence is being appealed, a sealed copy of the presentence investigation report; and

   (6) the indexes prepared by the clerk of the court appealed from.

   In light of HRAP Rule 10(a) quoted above, the family court's "MINUTE ORDER" was not a part of the record on appeal. Pursuant to this court's November 7, 2001 Order of Temporary Remand, the family court filed its October 18, 1999 Minute Order *nunc pro tunc*.

   In its November 14, 2001 Order Complying With Order of Temporary Remand, the family court noted (1) "that said minute orders are normally not filed" and (2) that it "is unable to file the proposed decree submitted by [Jo Ann] on November 30, 1999, as it was returned to [Jo Ann's] counsel in late 1999 since it was not adopted by the Court, noting that this is the normal procedure followed by the Court."

   We urge the family court to review its "normal procedure." There is a significant difference between "court minutes" and "minute orders." In light of HRAP Rule 10(a) quoted above, the family court should not enter orders that are not filed and should file all orders. This is especially true in this case in light of the court's finding of fact, item "E" of part "II," that "[t]he Court entered a Minute Order on October 18, 1999 and directed [Jo Ann's] counsel to prepare a decree." In any event, when the family court considered [Jo Ann's] February 14, 2000 Motion for Reconsideration, Alteration or Amendment of Decree, it should have filed its October 18, 1999 Minute Order.

   Similarly, in light of HRAP Rule 10(a) and the facts of this case, the family court should file all proposed decrees submitted by the parties, including those not adopted by the family court.

2. In this case, the marriage began on February 18, 1990. Although the court stated its decision in its October 18, 1999 Minute Order, the divorce decree, which was not filed until January 25, 2000, was expressly made effective on December 31, 1999. Thus, in this case, the *Linson* formula is as follows:

$$\frac{1}{2} \times \begin{array}{c}\underline{(2/18/90 \text{ to } 12/31/99)}\\ \text{(total years in plan} \\ \text{at time of retirement)}\end{array} \times \begin{array}{c}\text{owner's} \\ \text{monthly gross} \\ \text{retirement} \\ \text{benefit}\end{array} = \begin{array}{c}\text{non-owner's} \\ \text{share}\end{array}$$

The October 18, 1999 Minute Order ordered "[Jo Ann's] COUNSEL TO PREPARE DECREE/10 DAYS."[3] Jo Ann's request for an extension to November 8, 1999, was granted. On November 8, 1999, Jo Ann filed a Motion for Reconsideration and/or Further Hearing on various issues unrelated to the division and distribution of the retirement accounts. This motion was denied on January 12, 2000, without a hearing. On November 30, 1999, Jo Ann submitted a proposed decree. The proposed decree she submitted is not in the record.[4] On December 7, 1999, counsel for William submitted a proposed decree. In a memorandum filed on January 20, 2000, counsel for Jo Ann stated that "[c]ounsel for both parties could not come to an agreement as to the terms of a final Divorce Decree." The court amended the divorce decree submitted by counsel for William[5] and filed it on January 25, 2000 (Divorce Decree). Handwritten with a pen, the court made the following changes: (1) made the Divorce Decree effective "nunc pro tunc to 12/31/99"; (2) twice lined out language; and (3) twice added language that implicitly replaced the lined out language. In the following quote of the relevant parts of the Divorce Decree, the parts proposed by counsel for William that were lined out by the court with an ink pen are lined out, and the parts written in by the court with an ink pen are printed in bold print.

12. *Retirement Funds.*

a) *[Jo Ann's] Employees' Retirement System of the State of Hawai'i.*

(1) [William] is awarded a share of the retirement benefits under [Jo Ann's] Employees' Retirement System of the State of Hawai'i Retirement Plan(s) (regular and post retirement) if, as, and when [Jo Ann] commences to receive the same. The share which [William] shall be awarded shall be computed according to the following formula:[6]

$$\frac{1}{2} \times \frac{\text{(years in plan as of 2/18/90—DOM)}}{\text{(total years in plan at time of retirement)}} \times \frac{\text{[Jo Ann's] monthly gross retirement benefit}}{} = \frac{\text{[William's] percentage share}}{}$$

. . . .

(4) The parties were married on *February 18, 1990,* ~~and physically separated on December 15, 1998.~~ **and the date the divorce trial, 8/31/99, shall be deemed to be the date of division of retirement.** . . .

. . . .

b) *[William's] Employees' Retirement System of the State of Hawai'i.*

(1) [Jo Ann] is awarded a share of the retirement benefits under [William's] Employees' Retirement System of the State of Hawai'i Retirement Plan(s) (regular and post retirement) if, as, and when [William] commences to receive the same. The share which

3. In the family court, Plaintiff-Appellee Jo Ann Quon Donnelly (Jo Ann) was represented by attorney Blake T. Okimoto.

4. *See* footnote 1 above.

5. In the family court, Defendant-Appellant William Horace Donnelly (William) was represented by attorney Cheryl R. Brawley.

6. As worded, because of the numerator of the fraction, this formula erroneously awards William one-half of the pre-marital part of the State of Hawai'i Retirement Plan owned by Jo Ann. It is silent with respect to the marital part. In light of the family court's decision, the numerator should be "2/18/90 to 8/31/99."

[Jo Ann] shall be awarded shall be computed according to the following formula: [7]

$$\frac{1}{2} \times \frac{\text{(years in plan as of } 2/18/90\text{—DOM)}}{\text{(total years in plan at time of retirement)}} \times \begin{array}{c}\text{[Jo Ann's]}\\ \text{monthly gross}\\ \text{retirement}\\ \text{benefit}\end{array} = \begin{array}{c}\text{[William's]}\\ \text{percentage}\\ \text{share}\end{array}$$

. . . .

(4) The parties were married on *February 18, 1990*, and ~~physically separated on December 15, 1998.~~ the date of the divorce trial (8/31/99) shall be the date of division of retirement. . . .

. . . .

c) *[William's] AETNA Deferred Compensation Plan.* [Jo Ann] shall be awarded one-half (½) the value of [William's] AETNA deferred compensation account accrued from February 18, 1990 (date of marriage) to March 31, 1999.[8] . . .

. . . .

d) *[William's] Kyoya Hotel Division Retirement.* [Jo Ann] shall be entitled to and is hereby awarded and assigned, as an incident of divorce, a percentage interest in and to [William's] Kyoya Hotel Division retirement plan in compliance with Sections 401(a)(13) and 414(p) of the Internal Revenue Code of 1986, as amended, and the Retirement Equity Act of 1984.

. . . .

[William's] interest in the above-named plan shall be determined in accordance with the relevant applicable formula below: [9]

$$\frac{1}{2} \times \frac{\text{(years in plan while married)}}{\text{total years in plan at retirement}} \times \begin{array}{c}\text{Participant's}\\ \text{monthly/lump sum}\\ \text{gross retirement}\end{array}$$

. . . .

e) *[William's] Kyoya Hotel Division 401K Plan.* [Jo Ann] shall be awarded one-half ( ½) the value of Defendant's Kyoya Hotel Division 401K plan accrued from February 18, 1990 (date of marriage) to March 31, 1999.[10] Said deferred compensation account had a value of approximately $3,389.20 as of March 31, 1999. One-half the cash value of said 401K account accrued during the specified period herein, shall be paid directly to [Jo Ann] in one (1) lump sum as soon as administratively possible, and said transfer and payment to [Jo Ann] is made incident to Divorce, and shall have no tax consequence and/or penalties to either party, to the extent possible under applicable law(s).

---

7. As worded, because of the numerator of the fraction, this formula erroneously awards Jo Ann one-half of the pre-marital part of William's State of Hawai'i Retirement Plan. It is silent with respect to the marital part. In light of the family court's decision, the numerator should be "2/18/90 to 8/31/99."

8. It is stated in the answering brief that "March 31, 1999 is apparently a date that a quarterly report was printed[.]" The record does not reveal any other significance for the "March 31, 1999" date. The record shows that on March 30, 1999, William filed a Motion to Set and Notice of Motion.

9. This is "the *Linson* formula" mentioned in the October 18, 1999 Minute Order.

10. *See* footnote 8.

(Footnotes added.)

At the time of *Woodworth v. Woodworth,* 7 Haw.App. 11, 740 P.2d 36 (1987), the valuation date for Category 2, 4, and 5 NMVs was the DOFSICOD.[11] In *Woodworth,* this court established a Category 6 NMV covering "[t]he difference between the NMVs, plus or minus, of all property owned by one or both of the spouses at the conclusion of the evidentiary part of the trial [the DOCOEPOT] and the total of the NMVs, plus or minus, includable in Categories 1, 2, 3, 4, and 5." 7 Haw.App. at 16, 740 P.2d at 37. In other words, Category 6 covered the difference in the NMVs, plus and minus, between the DOFSICOD and the DOCOEPOT. In *Myers v. Myers,* 70 Haw. 143, 764 P.2d 1237 (1988), however, the Hawai'i Supreme Court abolished Category 6 and emphatically stated, in relevant part, as follows:

> Our divorce and separation laws do "not contemplate any [final] division of property other than where the person is divorced a vinculo [matrimonii]." *Clifford v. Clifford,* 42 Haw. 279, 283 (1958). . . . A presumption that the non-owning spouse is not entitled to any part of the appreciation in property legally owned by the other after a declaration by either that the marriage has ended is inconsistent with the partnership model of marriage we have accepted and the rule that a final division of marital property can be decreed only when the partnership is dissolved.

70 Haw. at 154, 764 P.2d at 1244 (brackets in original).

Since there is no Category 6, the valuation date for Categories 2, 4, and 5 is the DOCOEPOT rather than the DOFSICOD, and all appreciation/depreciation of Marital Partnership Property that occurs between the DOM and the DOCOEPOT is a Category 2, 4, and/or 5 NMV. Assuming all valid and relevant considerations are equal, the Partnership Model Division awards each party 50% of all Category 2, 4, and 5 NMVs. Since the marital partnership continues until the DOCOEPOT, it follows that one party's post-DOFSICOD, pre-DOCOEPOT activity contributing to the increase of a Category 2, 4, and/or 5 NMV is

a marital partnership activity that cannot be used to justify the award of more than 50% to the contributing party and less than 50% to the non-contributing party. *Jackson v. Jackson,* 84 Hawai'i 319, 335, 933 P.2d 1353, 1369 (1997) (footnote added).

Effective January 1, 2000, the time limit for filing a HFCR Rule 59(e) motion to reconsider, alter or amend a judgment or order is "not later than 10 days after entry of the judgment or order[.]" Jo Ann did not ask the court to cause December 31, 1999, the effective date of the divorce, to be the date of the division of all of the retirement plans. In other words, Jo Ann did not ask the court to conform its Divorce Decree to its October 18, 1999 Minute Order and the *Linson* formula. Therefore, the family court's deviation from the *Linson* formula is not an issue in this appeal.

Jo Ann's February 14, 2000 Motion for Reconsideration, Alteration or Amendment of Decree states, in relevant part, as follows:

> [Jo Ann] also seeks a determination that her interest in [William's] Aetna Deferred Compensation Plan, Kyo Ya Hotel Division Retirement and Kyo Ya Hotel Division 401(k) Plan be determined as of August 31, 1999 which is the same date used by the Court in the division of the parties' respective Employee's Retirement System of the State of Hawai'i's retirement benefits.

The last day of the trial was August 31, 1999. The relevant cutoff dates specified in the Divorce Decree (as proposed by counsel for William and signed by the court) were as follows:

> Aetna Deferred Compensation Plan— March 31, 1999
>
> Kyo Ya Hotel Division Retirement—December 31, 1999
>
> Kyo Ya Hotel Division 401(k) Plan—March 31, 1999

In other words, although Jo Ann sought to expand periods by changing two of the three dates from March 31, 1999, to August 31, 1999, she also sought to reduce periods by changing the third date from the December

---

11. The "DOFSICOD" is the "date of final separation in contemplation of divorce[.]"

31, 1999 effective date of divorce to August 31, 1999.

On May 3, 2000, the family court entered its Order Granting Motion for Amendment stating, in relevant part, as follows: "[Jo Ann's] Motion for Reconsideration, Alteration or Amendment of Decree is granted as to [William's] Aetna Deferred Compensation plan and Kyo Ya Hotel Division Retirement and Kyo Ya Hotel Division 401(k) Plan—said date shall be as of August 31, 1999."

On May 24, 2000, William filed a notice of appeal. On June 28, 2000, the family court entered its Findings of Fact and Conclusions of Law (FsOF and CsOL). With the FsOF and CsOL challenged by William in this appeal printed in bold print, these FsOF and CsOL state, in relevant part, as follows:

*FINDINGS OF FACT*

. . . .

II. PROCEDURAL AND TRIAL HISTORY

. . . .

E. The Court entered a Minute Order on October 18, 1999 and directed [Jo Ann's] counsel to prepare a decree.[12]

. . . .

L. The Court adopted [William's] version of the Decree but interlineated the date of trial, August 31, 1999 as the date of division relating to [Jo Ann's] and [William's] pensions in Paragraphs 12 a)(4) and 12 b)(4).

**M. The Court overlooked changing the other dates of the retirement benefits relating to [William's] pension and retirement benefits namely Aetna Deferred Compensation plan, Kyo Ya Hotel Division Retirement and Kyo Ya Hotel Division 401(k) Plan . . . .**

. . . .

*CONCLUSIONS OF LAW*

. . . .

2. **The Court, sua sponte,[13] grants [Jo Ann's] Motion in Part [sic] relating to the date of division of [William's] AETNA Deferred Compensation Plan, Kyo Ya Hotel Division Retirement and Kyo Ya Hotel Division 401(k) Plan to be August 31, 1999.**

. . . .

5. **The Court on its own initiative [14] has determined that in order to be consistent with paragraphs 12(a)(4) and 12(b)(4) of the Divorce Decree [it] has ordered that the date of division for [William's] AETNA Deferred Compensation Plan in paragraph 12(c) of the Divorce Decree, [William's] Kyo–Ya Hotel Division Retirement in paragraph 12(d) of the Divorce Decree and [William's] Kyo Ya Hotel Division 401(k) in paragraph 12(e) of the Divorce Decree are hereby amended to the date of trial, August 31, 1999. . . .**

6. The Court also finds that pursuant to Paragraphs 12a)(9), 12b)(9), 12c), 12d) and 12(e) and 24 the Court shall retain and have continuing jurisdiction over all of the matters described in the Divorce Decree to insure the full completion and compliance written in the Decree inclusive of these paragraphs.

7. That the provisions of paragraphs 12(a)(9), 12(b)(9), 12(c), 12(d) and 12(e) specifically state that "The Court shall also have authority to make every just and equitable order not inconsistent with the other provisions herein, and not inconsistent with any other applicable law".

8. **The Court finds that the language and provisions in the Divorce Decree itself provides authority for the Court to amend the date of division of [William's] pension and retirement benefits contained in paragraphs 12(c), 12(d) and 12(e) of the Divorce Decree.**

(Footnotes added and emphases added.)

DISCUSSION

We agree with William that COL No. 8 is wrong.

12. *See* footnote 1 above.

13. Clearly, the family court's action was not "sua sponte."

14. Clearly, the family court did not act "on its own initiative."

We agree with William that HFCR Rule 59 [15] did not authorize the family court to do what it did. This is because Jo Ann's motion failed to comply with the time limit specified in HFCR Rule 59.

■ We disagree with William that HFCR Rule 60(a) (Supp.2001) [16] did not authorize the family court to do what it did. "[I]f the intention to include a particular provision in the judgment was clear, but the judge neglected to include the provision, the rule authorizes correction of the judgment." C. Wright, A. Miller & M. Kane, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2d § 2854 (1995) (citation omitted). HFCR Rule 60(a) applies "to situations in which a judgment clearly misrepresents what the court meant to state." 12 James Wm. Moore, MOORE'S FEDERAL PRACTICE ¶ 60.11[1][c] (3d ed. 2002).

We disagree with William that Jo Ann's motion for amendment cannot be construed as a motion under HFCR Rule 60(b). [17] In support of his position, William first points out that in *Wong v. Wong*, 79 Hawai'i 26, 30, 897 P.2d 953, 957 (1995), a breach of contract action, the Hawai'i Supreme Court stated that "[o]nce a valid judgment is entered, the only means by which a circuit court may thereafter alter or amend it is by appropriate motion under HRCP [Hawai'i Rules of Civil Procedure] [Rule] 59(e)." Second, William points out that "[Jo Ann's] motion started as a Rule 59 motion, [was] ruled upon by the Family Court as a Rule 59 motion, and was never treated as a Rule 60 motion until the Family Court filed" its FsOF and CsOL on June 28, 2000.

One deficiency in William's first argument is the failure to recognize the following footnote 9 of the *Wong* opinion:

Denial of the HRCP [Rule] 59 motion could, perhaps, have been reviewed as denial of an HRCP [Rule] 60 motion. However, Appellant did not argue the motion as a Rule 60 motion below and does not argue the denial should be reviewed as a Rule 60 denial on appeal. Thus, we declined to engage in such a review.

■ Another deficiency in William's first argument is the failure to note the following history of Federal Rules of Civil Procedure Rule 60(b)(1), upon which HFCR Rule 60(b)(1) is based:

Rule 60(b)(1) authorizes the court to give relief from a judgment, order, or proceeding for "mistake, inadvertence, surprise, or excusable neglect." Before the 1948 amendment, relief on these grounds was provided only if the moving party himself had made the blunder. No relief could be afforded for the similar defaults of the court or event of the party's agents. The amended rule dropped the limiting pronoun "his" in order to permit relief for the mistake or neglect of others.

11 C. Wright, A. Miller & M. Kane, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 2858 (1995) (footnotes omitted). Thus, "a court may treat an untimely Rule 59(e) motion to alter or amend a judgment as if it were a Rule 60(b) motion if the grounds asserted in support of the Rule 59(e) motion would also support Rule 60(b) relief." 12 James Wm.

---

15. HFCR Rule 59(b) (2001) states that "[a] motion for a new trial shall be filed not later than 10 days after the entry of the judgment unless otherwise provided by statute."

16. HFCR Rule 60(a) (2001) states:
Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the supreme court, and thereafter while the appeal is pending may be so corrected with leave of the supreme court.

17. HFCR Rule 60(b) states, in relevant part, as follows:

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from any or all of the provisions of a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect;.... The motion shall be made within a reasonable time, and for reasons (1), ... not more than one year after the judgment, order, or proceedings was entered or taken.... A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation.

Moore, MOORE'S FEDERAL PRACTICE, ¶ 60.03[4] (3d ed. 2002).

We conclude that HFCR Rule 60(a) and HFCR Rule 60(b)(1) each authorized the family court to do what it did. The family court's Minute Order ordered all retirements plans to be divided effective December 31, 1999. Without notice to the court of the deviation, the proposed divorce decree prepared by William's attorney deviated from the express terms of the family court's Minute Order pertaining to two of the retirement plans by changing this date in favor of William to March 31, 1999. The family court changed the proposed deviations pertaining to the division of two retirement plans and ordered that "the date of the divorce trial, 8/31/99, shall be the date of division of retirement[.]" However, the family court unintentionally failed to similarly change two other proposed deviations pertaining to the division of two other retirement plans. The date of the division of the fifth retirement plan did not deviate but was changed favorably to William at Jo Ann's request presumably so that it would be consistent with the division date applicable to the other four retirement plans.

## CONCLUSION

Accordingly, we affirm the family court's May 3, 2000 Order Denying in Part and Granting in Part Motion for Reconsideration, Alteration or Amendment of Decree. We remand for amendment of the January 25, 2000 Divorce Decree to correct the obvious errors noted in footnotes 6 and 7 above.