**NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000426
25-JUN-2025
08:08 AM
Dkt. 158 SO**

NO. CAAP-23-0000426

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


C.L., now known as C.S., Plaintiff-Appellee, v.
E.F., Defendant-Appellant

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(CASE NO. 1DV151006351)


SUMMARY DISPOSITION ORDER
(By: Leonard, Acting C.J., and Wadsworth and Guidry, JJ.)

This appeal arises out of post-judgment proceedings in a divorce case between Plaintiff-Appellee C.L., now known as C.S. (**Mother**), and Defendant-Appellant E.F. (**Father**), both self-represented. Father appeals from the June 14, 2023 "Order Denying [Father's] April 10, 2023 Motion to Reconsider Order; Modify or Vacate Order and Disqualify Judge Jessi Hall" (**Order Denying Reconsideration**) and, presumably, the April 6, 2023 "Order Granting in Part and Denying in Part [Father's] Motion to Modify or Vacate Order and Disqualify Judge" (**April 6, 2023 Order**), both entered by the Family Court of the First Circuit (**Family Court**).[1] Father also appears to challenge the Family Court's: (1) November 30, 2015 Divorce Decree (**Decree**);[2] and (2) February 13, 2019 Order [re] Motion and Declaration for Post-Decree Relief (**February 13, 2019 Order**).[3]

---

[1] The Honorable Dyan M. Medeiros presided.

[2] The Honorable Matthew J. Viola presided.

[3] The Honorable Jessi L.K. Hall presided.

On August 20, 2015, Jessi L.K. Hall, then a private attorney, was appointed to serve as the Volunteer Settlement Master (**VSM**) in this case. Ms. Hall met with the parties on September 14, 2015, and settled many (though not all) of the issues between them. As a result, both parties signed an Agreement Re: Custody and Visitation (**VSM Agreement**), which was filed with the Court on October 7, 2015. In relevant part, the VSM Agreement stated, "[Mother] shall have the right to relocate where military PCS orders state."

Following a trial, the Decree was entered on November 30, 2015. In relevant part, the Decree awarded sole physical custody of the parties' two children to Mother and allowed Mother to relocate with the children "to a location designated in military orders/transfers." There was no appeal from the Decree. Mother and the parties' children moved to the State of Virginia in 2016.

On January 9, 2019, Father filed a Motion and Declaration for Post-Decree Relief (**Motion for Post-Decree Relief**). He sought changes in the physical custody of the children, visitation, and child support. Judge Hall, who had been appointed as a judge and assigned to family court in the interim, presided over the February 13, 2019 hearing on Father's motion. The parties did not file a motion or affidavit requesting Judge Hall's disqualification or otherwise object to her presiding over the hearing and deciding the Motion for Post-Decree Relief. Thereafter, Judge Hall entered the February 13, 2019 Order. Among other things, the February 13, 2019 Order found that Hawaiʻi was an inconvenient forum for a child-custody determination, pursuant to Hawaii Revised Statutes (**HRS**) § 583A-207, the Uniform Child Custody Jurisdiction and Enforcement Act (**UCCJEA**), and relinquished custody jurisdiction to Virginia. There was no appeal from the February 13, 2019 Order. The parties have litigated various child-related issues in Virginia since Hawaiʻi released jurisdiction.

Several years later, on February 7, 2023, Father filed a Motion to Modify or Vacate Order and Disqualify Judge (**Motion to Modify and Disqualify**). He argued that the Decree was

inconsistent with the VSM Agreement and asked the Family Court to correct the "errors" in the Decree under Hawaiʻi Family Court Rules (**HFCR**) Rule 60(a).  He also asked the Family Court, among other things, to vacate or modify the February 13, 2019 Order, and to disqualify Judge Hall from further proceedings in the case based on her prior involvement as the VSM.

Following a March 29, 2023 hearing, the Family Court denied the Motion to Modify and Disqualify.  In its April 6, 2023 Order, the court ruled that:  (1) as to Father's request to correct alleged errors in the Decree pursuant to HFCR Rule 60(a), "[t]he alleged error does not appear to be clerical in nature, and it is not clear that the difference [Father] claims is actually an error"; and (2) as to Father's request to disqualify Judge Hall, "[the] request does not satisfy the requirements for disqualification or recusal."  However, to avoid any appearance of impropriety, the court "order[ed] that Judge Hall shall not preside over the case in the future."

On April 10, 2023, Father filed a Motion to Reconsider Order; Motion to Modify or Vacate Order and Disqualify Judge Jessi Hall (**Motion to Reconsider**).  On June 14, 2023, the Family Court entered the Order Denying Reconsideration.  On September 9, 2023, the court entered its Findings of Fact and Conclusions of Law (**FOFs/COLs**).

On appeal, Father contends that the Family Court:  (1) erroneously entered the Decree, which he claims "materially alter[ed]" the relocation provision in the VSM Agreement; (2) abused its discretion by denying Father's Motion to Modify and Disqualify; (3) erred in finding that Hawaiʻi was an inconvenient forum for custody under HRS § 583A-207 and in relinquishing jurisdiction to Virginia; (4) erred in allowing Judge Hall, who had previously served as the VSM to preside over post-decree matters, including the February 13, 2019 Order; and (5) abused its discretion by denying Father's Motion to Reconsider.

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we resolve Father's contentions as follows, and affirm.

(1) and (2)  Father contends that the Family Court (a) erroneously entered the 2015 Decree, which he claims "materially alter[ed]" the relocation provision in the VSM Agreement, and (b) later abused its discretion by denying Father's 2023 Motion to Modify and Disqualify, which sought to "correct" the error under HFCR Rule 60(a).

Father did not appeal from the Decree.  His argument that the Family Court erred in entering the Decree is too late and cannot be sustained.

Father is not too late in arguing that the Family Court abused its discretion by denying his HFCR Rule 60(a) motion to correct the alleged error in the Decree.  But his argument is without merit.

We review a circuit court's determination of an HFCR Rule 60(a) motion for abuse of discretion.  See Buscher v. Boning, 114 Hawaiʻi 202, 211, 159 P.3d 814, 823 (2007) (construing analogous Hawaiʻi Rules of Civil Procedure Rule 60).  HFCR Rule 60(a) provides in relevant part that "[c]lerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders."  (Emphasis added.)  However:

> Relief is not appropriate under [HFCR] Rule 60(a) "when the change is substantive in nature."  Wright and Miller, Federal Practice and Procedure § 2854. . . . Consequently, "Rule 60(a) is not a vehicle for relitigating matters that already have been litigated and decided, nor to change what has been deliberately done."  Id. . . . ; see also Donnelly v. Donnelly, 98 Hawaiʻi 280, 286, 47 P.3d 747, 753 (App. 2002) ("HFCR Rule 60(a) applies 'to situations in which a judgment clearly misrepresents what the court meant to state.'") (quoting 2 James Wm. Moore, Moore's Federal Practice § 60.11[1][c] (3d ed.)).

Thomas-Yukimura v. Yukimura, 130 Hawaiʻi 1, 7-8, 304 P.3d 1182, 1188-89 (2013) (footnote and emphasis omitted); id. at 7 n.16, 304 P.3d at 1188 n.16 (noting that authorities interpreting analogous federal rules are highly persuasive).

Here, Father argues that the Decree – by stating that "[Mother] shall have the right to relocate with the Children to a

location designated in military orders/transfers[,]" – "materially alter[ed]" the parties' VSM Agreement, which stated that "[Mother] shall have the right to relocate where military PCS orders state." Father testified in the Family Court that the language in the VSM Agreement meant that Mother would have to join the military in order to obtain "PCS orders" if she wanted to relocate outside of Hawaiʻi. As Mother was not in the military at the time of the VSM Agreement, and the agreement did not state that Mother was required to join the military to relocate, the Family Court "d[id] not find [Father's] testimony credible." See Fisher v. Fisher, 111 Hawaiʻi 41, 46, 137 P.3d 355, 360 (2006) (it is the family court's province to make credibility determinations (quoting In re Doe, 95 Hawaiʻi 183, 190, 20 P.3d 616, 623 (2001))). The Family Court also concluded that the alleged error "was substantive, not clerical[,] and therefore could not be modified under HFCR Rule 60(a)."[4/]

On appeal, Father agrees that "[t]he change went beyond the permissible scope of clerical error correction under Rule 60(a) and instead represented a substantive modification of the agreement without proper consent from both parties." But he also argues that "[t]he requested correction fell squarely within the scope of Rule 60(a) . . . ."

Given the nature of the alleged error and the substantive change in the Decree sought by Father, we conclude that relief under HFCR Rule 60(a) was not available. The Family court did not abuse its discretion in so ruling.

(3) and (4) Father contends that the Family Court (a) erred in the February 13, 2019 Order by finding that Hawaiʻi was an inconvenient forum for custody under HRS § 583A-207 and relinquishing jurisdiction to Virginia, and (b) erred in allowing Judge Hall to preside over the February 13, 2019 Order, and in

_____

[4/] The Family Court further concluded in COLs 7 through 9 that although Father's Motion to Modify and Disqualify did not rely on HFCR Rule 60(b)(1) or (6), relief was not available under those provisions. Father acknowledges the court's ruling in his opening brief, but presents no point of error or argument addressing the court's reasoning in COLs 7 through 9. Any related point is thus deemed waived. See Hawaiʻi Rules of Appellate Procedure Rue 28(b)(4), (7).

failing to disqualify Judge Hall until Father brought his 2023 Motion to Modify and Disqualify.

Father did not appeal from the February 13, 2019 Order. His argument that the Family Court erred in entering that order is too late and cannot be sustained.

Father is not too late in arguing that the Family Court abused its discretion by denying the 2023 Motion to Modify and Disqualify, to the extent that motion sought modification or vacation of the February 13, 2019 Order based on Judge Hall's alleged bias.[5/]  But, again, his argument is without merit.

HRS § 601-7 governs disqualification of a judge for several types of alleged bias.  See State v. Ross, 89 Hawaiʻi 371, 377, 974 P.2d 11, 17 (1998)).  Under HRS § 601-7(b) (2016), a disqualifying affidavit "shall be filed before the trial or hearing of the action or proceeding, or good cause shall be shown for the failure to file it within such time."  Similarly, a motion to disqualify or recuse a judge based on "an appearance of impropriety" "must timely present the objection, either before the commencement of the proceeding or as soon as the disqualifying facts become known."  Office of Disciplinary Counsel v. Au, 107 Hawaiʻi 327, 338, 113 P.3d 203, 214 (2005) (quoting In re Water Use Permit Applications, 94 Hawaiʻi 97, 122, 9 P.3d 409, 434 (2000)).

Here, the Family Court entered the following uncontested FOFs, which are binding on appeal, see In re Doe, 99 Hawaiʻi 522, 538, 57 P.3d 447, 463 (2002):

> 15.  No motion or affidavit requesting Judge Hall's disqualification was filed prior to the February 13, 2019 hearing.
>
> 16.  No evidence was presented that either party objected to Judge Hall presiding over the February 13, 2019 hearing based on her prior contact with the parties as a VSM.
> . . . .

---

[5/]     The Motion to Modify and Disqualify did not expressly make this claim.  However, in FOF 38, the Family Court found that "[Father] challenged the February 13, 2019 Order based on his allegations that Judge Hall was biased, and based on his belief that the finding that Hawaiʻi was an inconvenient forum under UCCJEA was improper."

18. The February 13, 2019 Order was not appealed.

. . . .

35. Both parties knew at the time of the February 13, 2019 hearing that Judge Hall had been their VSM in 2015.

36. [Father] did not file an affidavit of disqualification prior to the February 13, 2019 hearing and no good cause was shown for the failure to file such an affidavit.

Indeed, it was several years later when Father first filed a motion – the Motion to Modify and Disqualify – seeking Judge Hall's disqualification "from further participation in the case."

Father asserts that he told Judge Fong at an August 21, 2019 hearing that he "felt like there was a bit of impropriety with . . . prior orders" by Judge Hall based on her earlier role as a VSM. But Father was represented by counsel at that time, and Judge Fong told Father to talk to his counsel about the matter, as it was not properly before the court. No related motion was filed.

On this record, we conclude that the Motion to Modify and Disqualify was untimely to the extent it sought modification or vacation of the February 13, 2019 Order based on Judge Hall's earlier role as VSM. The Family Court did not err in so ruling.

(5) Father contends that the Family Court abused its discretion by denying Father's Motion to Reconsider.

"[T]he purpose of a motion for reconsideration is to allow the parties to present new evidence and/or arguments that could not have been presented during the earlier adjudicated motion." James B. Nutter & Co. v. Namahoe, 153 Hawaiʻi 149, 162, 528 P.3d 222, 235 (2023) (quoting Sousaris v. Miller, 92 Hawaiʻi 505, 513, 993 P.2d 539, 547 (2000)). Here, Father's Motion to Reconsider did not present new evidence or arguments that could not have been presented earlier, when the Family Court ruled on the Motion to Modify and Disqualify. The Family Court did not abuse its discretion in denying the Motion to Reconsider.

For the reasons discussed above, the June 14, 2023 "Order Denying [Father's] April 10, 2023 Motion to Reconsider Order; Modify or Vacate Order and Disqualify Judge Jessi Hall"

7

and the April 6, 2023 "Order Granting in Part and Denying in Part [Father's] Motion to Modify or Vacate Order and Disqualify Judge," both entered by the Family Court of the First Circuit, are affirmed.

DATED:  Honolulu, Hawaiʻi, June 25, 2025.


On the briefs:

E.F.,
Self-represented Defendant-
Appellant.

C.L., now known as C.S.,
Self-represented Plaintiff-
Appellee.

/s/ Katherine G. Leonard
Acting Chief Judge


/s/ Clyde J. Wadsworth
Associate Judge


/s/ Kimberly T. Guidry
Associate Judge