HAROLD L. DUPONTE, Plaintiff-Appellant, *v.* DOROTHY W. DUPONTE, Defendant-Appellee

No. 5076

August 31, 1971

RICHARDSON, C.J., ABE, LEVINSON, KOBAYASHI, JJ., AND CIRCUIT JUDGE M. DOI IN PLACE OF MARUMOTO, J., DISQUALIFIED

124

OPINION OF THE COURT BY RICHARDSON, C.J.

By this appeal, Harold L. DuPonte, plaintiff below, seeks reversal of an order by the Family Court of the Second Circuit granting defendant Dorothy W. DuPonte's Motion to Amend Decree of Divorce Nunc Pro Tunc to incorporate by reference a Property Settlement Agreement entered into by the parties in contemplation of divorce. The primary question raised is whether the Family Court properly granted the motion.

In this opinion the parties are referred to as the husband and the wife.

The dispute in this case focuses upon the interpretation of the following clause contained in the original Decree of Divorce entered on September 4, 1963:

IT IS FURTHER ORDERED, that the Property Settlement Agreement, dated August 27, 1963, by and between the parties, a copy of which was received in evidence at the hearing on the libel had herein, be and the same is hereby approved pursuant to Section 325-2, R.L.H. 1955.[1]

---

[1]Section 325-2, R.L.H. 1955 (now HRS § 573-2) states in relevant part:

§ 573-2 *Contracts.* A married woman may make contracts, oral and written, sealed and unsealed, with persons other than her husband, in the same manner as if she were sole. A married woman and her husband may contract with each other, as follows:

\*         \*         \*         \*         \*

(2) By agreement settling their respective *rights in property owned by* them, or either of them, when the agreement is made in contemplation of divorce or judicial separation;

(3) By agreement providing for alimony or other periodic payments when the agreement is made in contemplation of divorce or judicial separation; provided, that the agreement is approved by the judge hearing the cause between the parties. Any such agreement which is approved *as herein provided* shall be valid and binding between the parties in accordance with its terms and shall not thereafter be subject to modification or rescission or annulment by the judge pursuant to section 580-47 or 580-51 or otherwise. Any such agreement shall be subject to modification or termination by agreement between the parties, provided, that any such agreement or modification or termination is approved by a judge of the same circuit as the judge who approved the original agreement;

\*         \*         \*         \*         \*

The wife maintains that this language is a clear indication that the parties intended the Property Settlement Agreement to be incorporated by reference into the Divorce Decree despite the absence of the more specific language "to incorporate by reference" normally found in divorce decrees. Furthermore, she contends, such an interpretation is particularly evident in view of the fact that the Property Settlement Agreement itself states that ". . . this agreement shall be presented to the Court with the request that it be incorporated into and form a part of any decree of divorce that may be entered dissolving the marriage of the parties." In support of her Motion to Amend Decree of Divorce Nunc Pro Tunc the court received in evidence, over the objection of the husband's counsel, the affidavit of the wife's attorney at the time of the initial divorce proceedings which, briefly summarized, purported to represent that it was the intention of counsel to have the Property Settlement Agreement incorporated by reference into the Decree of Divorce. Based upon these arguments the Family Court granted the Motion to Amend Decree of Divorce Nunc Pro Tunc by entering as part of the order:

ORDERED, that the Property Settlement Agreement entered into between the parties on August 27, 1963 and approved by the Court in the Decree of Divorce filed September 4, 1963, be incorporated in the Decree of Divorce and made a part thereof by reference thereto effective as of September 4, 1963. . . .

The husband has appealed from this order by alleging as error (1) the granting of the Motion to Amend Decree of Divorce Nunc Pro Tunc; (2) the receipt into evidence of the affidavit of the wife's former attorney; and (3) the order nunc pro tunc requiring the husband to designate the children of his marriage with Helen DuPonte as beneficiaries of his Hawaii State Employees Retirement System benefits.

The difficulty with this appeal is that although the Order of the Family Court to incorporate the Property Settlement Agreement by reference into the Decree of Divorce was

couched in terms of an order nunc pro tunc, it was in effect a retroactive amendment of the 1963 Decree of Divorce. Regardless, however, of which power the court based its order upon, its power to enter judgments nunc pro tunc or its power to amend judgments, we think the court abused its discretionary powers and proceeded in a manner contrary to rules of law.

The distinction between a court's nunc pro tunc and amending powers is significant and determinative of the issues in this case. Clearly, once a valid judgment is entered, the only means by which a circuit court may thereafter alter or amend a judgment is by appropriate motion under Rule 59(e) of the Hawaii Rules of Civil Procedure, which requires that the motion shall be served not later than 10 days after entry of the judgment. However, Rule 81(a) exempts from coverage the annulment, divorce and separation proceedings under Chapter 296, R.L.H. 1945 (now chapter 580 of the Hawaii Revised Statutes). Therefore, the power of the Family Court to alter or amend its judgments and decrees continues to be governed by the common-law power of courts.

The general common-law rule, stated in its simplest form, is that a final judgment can only be altered or amended during the term at which it was rendered. *Goo v. Hee Fat,* 34 Haw. 123, *rehearing denied,* 34 Haw. 149 (1937); *Rhoades v. Maciel,* 25 Haw. 579 (1920); *Hind v. Wilder's Steamship Co.,* 14 Haw. 215 (1902). Although the cases cited recognize exceptions to this general rule, the case before us does not qualify under any of them. Clearly, then, the Family Court did not have jurisdiction to enter an order in September of 1970 amending the 1963 Decree of Divorce to incorporate by reference the Property Settlement Agreement.

On the other hand, an order, decree or judgment nunc pro tunc is a distinctly different power of the court than the power to amend a judgment. The purpose or function of an order nunc pro tunc is to make the record speak the truth. It is an inherent power of the court but is limited to those

acts which record "now for then" an order actually made or a judgment actually rendered which through some oversight or inadvertence was never entered upon the records of the court by the clerk or which was incorrectly entered. *Makainai v. Lalakea,* 24 Haw. 518 (1918); *Black v. Industrial Commission,* 83 Ariz. 121, 317 P.2d 553 (1957); *Merrick v. Merrick,* 266 N.Y. 120, 194 N.E. 55 (1934); *see generally,* I Freeman, Judgments §§ 121-22 (5th ed. 1925). Stated in another manner, "[t]he function of an entry nunc pro tunc is the correction of judicial records insofar as they fail to record, or improperly record, a judgment rendered by the court, as distinguished from the correction of an error in the judgment itself, or in the failure to render the judgment." *Caprita v. Caprita,* 145 Ohio St. 5, 7, 60 N.E.2d 483, 484 (1945). The cases have consistently emphasized that the power of courts to enter judgments nunc pro tunc is limited to giving its judgments proper retroactive effect in those cases where through no fault of the complaining party a final judgment or decree entitled to be entered was not entered or was incorrectly entered. It is not a power that includes the authority to subsequently amend or alter a valid and final judgment properly entered in the record.

The wife's argument that it was the intention of the parties as reflected by the Property Settlement Agreement and supported by the Affidavit of her former attorney to have the Property Settlement Agreement incorporated into the Decree by reference is without merit. What was or was not the intent of the parties is not significant in seeking to have the court correct a judgment that was improperly recorded. A correction of the record of a judgment, and a nunc pro tunc entry thereof, may not be made to enlarge the judgment as originally rendered, *Application of Andrews,* 178 Neb. 799, 135 N.W.2d 712 (1965), or to show what the court might or should have decided, or intended to decide, as distinguished from what it actually did decide. *City and County of Honolulu v. Caetano,* 30 Haw. 1 (1927). No attempt was ever made to prove that the Decree in any way varied from

the minutes of the Court clerk or from any other court record. The Decree of Divorce simply stated that it approved the Property Settlement Agreement pursuant to HRS § 573-2. That section provides that a wife in contracting with her husband for alimony or other periodic payments when made in contemplation of divorce must obtain the approval of the judge hearing the cause. Since the Property Settlement Agreement contained a provision for periodic payments for the support and maintenance of the two minor children, we see no reason to construe the approval of the court as going beyond what is required by statute.

In sum, neither the court's discretionary power to enter judgments or decrees nunc pro tunc nor its power to amend judgments or decrees was a proper basis for the Order to Amend Decree. Therefore, the order to incorporate the Property Settlement Agreement by reference into the Decree of Divorce filed September 4, 1963, and the order to have the husband designate his two minor children as sole beneficiaries of the benefits payable by the Hawaii State Employees Retirement System are reversed. By so reversing, we need not decide the issues raised by the husband's second and third allegations of error.

Reversed.

*Frank D. Padgett (Padgett, Greeley, Marumoto & Akinaka* of counsel) for plaintiff-appellant.
*A. William Barlow* for defendant-appellee.

DISSENTING OPINION OF LEVINSON, J.

I dissent.

The decree of divorce that was entered by the Circuit Court of the Second Circuit on September 4, 1963 included the following paragraph:

IT IS FURTHER ORDERED, that the Property Settlement Agreement, dated August 27, 1963, by and between the parties, a copy of which was received in evidence at the hearing on the libel had herein, be and the

same is hereby approved pursuant to Section 325-2, R.L.H. 1955.

The Property Settlement Agreement referred to in the decree included the following provisions:

13. *Continuing Jurisdiction of Court:* Husband and wife irrevocably agree that the Circuit Court of the Second Circuit, State of 'Hawaii, or its successor, shall have continuing jurisdiction in the matter until all of the parties' obligations under the terms of 'this agreement have been fully discharged . . . .

17. This agreement is made in contemplation of a Decree of Divorce being granted . . . . in any event, this agreement shall be presented to the Court with the request that it be incorporated into and form a part of any decree of divorce that may be entered dissolving the marriages of the parties.

Unless we are to exalt form above substance, no magic words are required for a property settlement agreement to be incorporated by reference in a decree of divorce. In this case the written agreement of the parties clearly contemplated incorporation by reference. On September 4, 1963 the agreement was presented to the court by the husband's attorney and it was received in evidence. The court approved the agreement pursuant to R.L.H. 1955, § 325-2, now HRS § 573-2, and embodied its approval in the decree. I consider that to be an incorporation by reference in this case.

The nunc pro tunc order entered September 9, 1970 did not alter the meaning of the original decree. All it did was to use the magic words which the majority of this court now holds were required to incorporate a document by reference. I think such a holding harks back to an unenlightened era in judicial procedure from which I had thought we were emancipated.

I would affirm.

DISSENTING OPINION OF M. DOI, CIRCUIT JUDGE

I join in Justice Levinson's dissent and add the following:

Presumably, the majority would agree that the original decree did "incorporate by reference" the agreement if the language in the decree is construed as an approval of the entire agreement. For clearly, approval of the express request contained in the agreement that "it be incorporated into and form a part of any decree of divorce that may be entered" must be equated with incorporation.

However, the majority reasons that by tacking on the phrase "pursuant to HRS § 573-2," the Family Court intended to and did restrict its approval of the agreement only to an approval of the periodic payment provision contained therein. This is so, it is said, because the agreement, among other things, provides for periodic payments, and since the statute validates such periodic payments only if approved by the judge, the judge was only approving that which required his approval for validation and no more.

I cannot subscribe to such reasoning.

The agreement provides for the continuing jurisdiction of the court over all of its terms with a request that it (the agreement) be incorporated into the decree. This was intended by the parties as the mechanics for enforcement of the entire agreement, including the obligations relating to periodic payments. Even hypertechnical reasoning should conclude that if the provision for periodic payments were approved in the decree, then the provision for enforcement of those periodic payments were also approved because the latter is related to and supplements the former. And if so, approval of the enforcement provision is nothing less than approval of "the request that it (the entire agreement) be incorporated into and form a part of" the decree.

Furthermore, the decree states that "the Property Settlement Agreement" (and not "the periodic payments for support contained in the Property Settlement Agreement") is

approved. The most that can be attributed to the mention of the statute is that the decree referenced the statutory validation for certain of its provisions. This is so because the statute not only provides for periodic payments when approved by the judge but also provides for the validity of husband-wife contracts relating to property rights when made in contemplation of divorce. The agreement contains provisions for periodic payments and it also deals with property rights made in contemplation of divorce. All of these provisions were merely being referenced to the statutory authority for making them and no more. To give to such referencing the effect of restricting the Family Court's approval only to the provision for periodic payments is highly unrealistic.