*** NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER ***

Electronically Filed
Supreme Court
SCWC-11-0001015
10-FEB-2014
08:15 AM

SCWC-11-0001015

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

STATE OF HAWAI'I,
Respondent/Plaintiff-Appellee,

vs.

DANIEL JOSEPH JOHNSON,
Petitioner/Defendant-Appellant.

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-11-0001015; CR. NO. 94-189K)

MEMORANDUM OPINION
(By: Recktenwald, C.J., Nakayama, Acoba, McKenna and Pollack, JJ.)

This appeal arises from a series of unfortunate clerical errors. On September 13, 1995, Petitioner/Defendant-Appellant Daniel Joseph Johnson (Johnson) entered a deferred plea in the Circuit Court of the Third Circuit (circuit court) to the charge of promoting a dangerous drug in the third degree. The circuit court subsequently set aside Johnson's deferral and he was placed on probation. However, unbeknownst to the State or to

Johnson, after Johnson's deferral was set aside, an order of discharge and dismissal that purportedly dismissed the original charge against Johnson was mistakenly filed. Apparently unaware of the order of discharge and dismissal, the circuit court proceeded to revoke Johnson's probation numerous times in the following years. After the erroneous order of discharge and dismissal was brought to the circuit court's attention, the court attempted to remedy that order in an August 29, 2011 order of correction. On November 17, 2011, the circuit court again revoked Johnson's probation and imposed a five year sentence.

Johnson appealed to the Intermediate Court of Appeals (ICA), and in a memorandum opinion the ICA affirmed the circuit court's November 17, 2011 order of revocation and resentencing. We vacate the ICA's July 29, 2013 judgment on appeal and June 10, 2013 memorandum opinion due to a previously unidentified clerical error in the circuit court's August 29, 2011 order of correction.

## I. BACKGROUND

On November 3, 1994, Johnson and his brother, co-defendant Benjamin Michael Johnson, were indicted, inter alia, for promoting a dangerous drug in the third degree in violation of Hawaiʻi Revised Statutes (HRS) § 712-1243(1) (1993), in criminal case number (Cr. No.) 94-189K. On March 30, 1995, and September 13, 1995, the circuit court entered orders granting

2

Benjamin Michael Johnson and Johnson, respectively, deferred acceptance of guilty pleas to the charge of promoting a dangerous drug in the third degree.[1]  As a result of multiple probation violations stemming from Johnson's abuse of drugs and alcohol, on June 5, 1996, the State filed a motion to set aside Johnson's deferred acceptance of guilty plea.  On June 5, 1998, the circuit court granted the State's motion, accepted Johnson's guilty plea, and resentenced Johnson to five years of probation with sixty days of incarceration as a special term of probation.

On May 16, 2000, a purported order of discharge and dismissal for Cr. No. 94-189K as to Johnson's charge of promoting a dangerous drug in the third degree was filed.  The order referenced the deferred acceptance of guilty plea entered by the circuit court on March 30, 1995 and stated that "the State ha[d] not filed a motion to set aside the deferred acceptance of plea, nor ha[d] filed a motion to adjudicate the Defendant, nor ha[d] otherwise informed the Court that Defendant ha[d] not complied with the terms and conditions of the Court order."

Following the court's 1998 acceptance of Johnson's guilty plea, and apparently unaware of the purported dismissal order filed May 16, 2000, the circuit court repeatedly revoked

----

[1]     The Honorable Ronald Ibarra presided in all proceedings between 1995 and 2002.

3

Johnson's probation and resentenced him to additional periods of probation and incarceration. On August 14, 2009, the circuit court again issued an order revoking Johnson's probation and resentencing Johnson to an indeterminate term of five years of incarceration with credit for time served.[2] The circuit court elaborated upon its initial order in an additional order filed September 3, 2009, stating that Johnson willfully and inexcusably violated substantial terms of probation by failing to submit to two drug tests, failing to make child support payments as ordered by the family court, and traveling without his probation officer's permission. Johnson appealed the circuit court's September 3, 2009 order to the ICA.

On November 18, 2009, after learning of the May 16, 2000 dismissal order, the State filed a motion in the circuit court to correct the dismissal order. The State noted that the May 16, 2000 dismissal order had "a clerical mistake in its caption '(As to DANIEL JOSEPH JOHNSON)' and should have referred instead to co-Defendant Benjamin Michael Johnson." The State explained that the conditions described in the order applied to Benjamin Michael Johnson, rather than Johnson.

By summary disposition order of March 29, 2011, the ICA

---

[2] The Honorable Elizabeth A. Strance presided in all proceedings between 2006 and 2011. There were no filings in this case between 2002 and 2006.

held that due to the May 16, 2000 dismissal order, it was plain error for the circuit court to resentence Johnson to a five year term of imprisonment on September 3, 2009.  State v. Johnson, Nos. 30044 & 30084, 2011 WL 1144855 at *2 (Haw. App. March 29, 2011) (SDO).  The ICA acknowledged, however, that the State had filed a motion to correct the clerical error in the May 16, 2000 dismissal order, and the ICA remanded the case to the circuit court to address that issue.  Id.

On August 29, 2011, the circuit court attempted to resolve the clerical error by issuing an order granting the State's motion to correct the clerical mistake on the May 16, 2000 dismissal order.  The circuit court recognized that the dismissal order contained a clerical error in its caption and stated that the order should not have referred to Johnson, but "should have referred instead to co-defendant Benjamin Michael Johnson."  Importantly, the order concluded: "It is hereby ordered that the Order of Discharge and Dismissal filed May 16, 2009, be set aside."  On November 17, 2011, the circuit court entered its findings of fact, conclusions of law and order revoking Johnson's probation and reimposing the five year sentence with credit for time served.

Johnson appealed the circuit court's order of revocation and resentencing to the ICA, arguing in part, that the

5

May 16, 2000 order of discharge and dismissal made all subsequent actions taken in the case a nullity. The ICA held that "[i]rrespective of whether the Circuit Court properly set aside the Order of Discharge and Dismissal, the Circuit Court lacked jurisdiction to enter the order in the first instance" because Johnson's deferred acceptance of guilty plea was set aside and his conviction was final before the entry of the order of discharge and dismissal. State v. Johnson, No. CAAP-11-0001015, 2013 WL 2476724 at *3 (Haw. App. June 10, 2013) (mem.).

## II. DISCUSSION

### A. The circuit court lacked statutory authority to enter the May 16, 2000 order of discharge and dismissal.

We agree with the ICA insofar as concluding that the May 16, 2000 order of discharge and dismissal was issued in error. On June 5, 1998, two years before the circuit court issued its order of discharge, it set aside Johnson's deferred acceptance of guilty plea and convicted him due to his non-compliance with the terms and conditions of the plea. Thus, not only did the circuit court make a clerical error when it used the incorrect name in the order of discharge and dismissal, more importantly, the circuit court lacked the statutory authority to dismiss a charge of which Johnson had already been convicted.

6

**B.     The ICA erred when it affirmed the circuit court's November 17, 2011 order revoking Johnson's probation and resentencing him to five years of imprisonment.**

On remand from the ICA to correct the error in the May 16, 2000 dismissal order, the circuit court entered an order that contained yet another mistake.  The circuit court's August 29, 2011 order purportedly corrected a nonexistent May 16, <u>2009</u> order of discharge and dismissal.  Due to this second clerical mistake, the circuit court failed to set aside the May 16, <u>2000</u> dismissal order.  Thus, that order was still in effect when the circuit court issued its November 17, 2011 order of revocation and resentenced Johnson.[3]  While the circuit court lacked the statutory authority to enter the order of discharge and dismissal in 2000, it was erroneous for the circuit court to re-sentence Johnson without first properly correcting the May 16, 2000 order of discharge and dismissal.

---

[3]     The circuit court's August 29, 2011 order of correction also failed to state that the order was entered <u>nunc pro tunc</u>.

> The purpose or function of an order nunc pro tunc is to make the record speak the truth. It is an inherent power of the court but is limited to those acts which record 'now for then' an order actually made or a judgment actually rendered which through some oversight or inadvertence was never entered upon the records of the court by the clerk or which was incorrectly entered.

<u>DuPonte v. DuPonte</u>, 53 Haw. 123, 126-27, 488 P.2d 537, 540 (1971).  Because it is undisputed that the order of May 16, 2000 was incorrectly entered as to Johnson, the circuit court should have indicated that the order of correction was entered <u>nunc pro tunc</u>.

### III. CONCLUSION

We hold that the ICA erred in affirming the circuit court's erroneous November 17, 2011 order.  Accordingly, we vacate the ICA's July 29, 2013 judgment on appeal and June 10, 2013 memorandum opinion and remand this case to the circuit court for further proceedings consistent with this opinion.

DATED:  Honolulu, Hawaiʻi, February 10, 2014.

Reginald P. Minn
for petitioner

Linda L. Walton
for respondent

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Simeon R. Acoba, Jr.

/s/ Sabrina S. McKenna

/s/ Richard W. Pollack



8