**\*\*\* FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER \*\*\***

**Electronically Filed
Supreme Court
SCRQ-23-0000496
24-JUN-2024
09:03 AM
Dkt. 41 OP**

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

---o0o---

HONOIPU HIDEAWAY, LLC,
Appellant,

vs.

STATE OF HAWAIʻI, LAND USE COMMISSION,
Appellee.

SCRQ-23-0000496

RESERVED QUESTION FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CASE NO. 3CCV-22-0000088)

JUNE 24, 2024

RECKTENWALD, C.J., McKENNA, EDDINS, GINOZA, AND DEVENS, JJ.

OPINION OF THE COURT BY RECKTENWALD, C.J.

## I.  INTRODUCTION

This court accepted the Circuit Court of the Third Circuit's reserved question: "Whether [the circuit court] has the inherent and statutory authority to transfer nunc pro tunc an appeal, which was timely filed with [the circuit court], to

the Supreme Court of Hawai'i as the court with appellate jurisdiction."[1]  We answer yes.  The subject case is an agency appeal of the Land Use Commission's (LUC) order denying Honoipu Hideaway, LLC's (Honoipu) petition for declaratory order to change the boundary location between the conservation and agricultural districts on a district boundary map.

The question follows In re Kanahele, where this court held that declaratory orders entered by the LUC have the "same status" for judicial review as orders in contested cases under Hawai'i Revised Statues (HRS) §§ 91-8 (2012), 91-14 (Supp. 2016), and 205-19 (2017 and Supp. 2019).  152 Hawai'i 501, 512, 526 P.3d 478, 489 (2023).  As a result, some appeals of LUC declaratory orders, then pending before the circuit courts and the Intermediate Court of Appeals (ICA), were no longer in the correct court.  Under Kanahele, they all should have been filed with this court in the first instance.  This is one of those cases.

We hold that in order to correct jurisdiction following this court's decision in Kanahele, the circuit court may transfer the case here nunc pro tunc, or backdated to the appropriate time.  Allowing such a transfer in these limited circumstances accords with our longstanding policy to hear cases

_____

[1]    The Honorable Chief Judge Robert D.S. Kim presiding.

on the merits, and there is both inherent and statutory power for the courts to do so.

## II.  BACKGROUND

In 2005, this court ruled in <u>Lingle v. Haw. Gov't Emps. Ass'n, AFSCME, Loc. 152, AFL-CIO</u> that although declaratory orders are not contested cases, they have the same status for the purposes of appeal under HRS § 91-14.  107 Hawaiʻi 178, 186, 111 P.3d 587, 595 (2005).  At the time, that meant that both declaratory orders and contested cases could be appealed from an agency to the circuit court.  In 2016, the Hawaiʻi legislature passed Act 48, which provided that contested cases before the LUC are appealable directly to the Hawaiʻi Supreme Court.  Last year in <u>Kanahele</u>, we wrote that

> [t]his court must presume the legislature was aware of <u>Lingle</u> when it passed Act 48 in 2016. . . . Therefore, this court's interpretation in <u>Lingle</u> of HRS §§ 91-8 and 91-14 that declaratory orders have the "same status" for judicial review as orders in contested cases applies to HRS § 205-19. . . . Thus, pursuant to HRS §§ 91-8, 91-14 and 205-19, this court has jurisdiction to directly review the Kanaheles' appeal.

152 Hawaiʻi at 512, 526 P.3d at 489 (citations omitted).

In other words, while contested cases and proceedings for declaratory orders are not the same, we held in <u>Kanahele</u> that they have the same status for appellate review: both should be appealed to this court directly.

At the time that <u>Kanahele</u> was decided, <u>Honoipu</u> and other appeals of LUC declaratory orders were pending before the

3

circuit courts and the ICA. <u>Honoipu</u> is one of those cases. <u>Honoipu</u> is an appeal of a LUC petition, wherein Honoipu sought to change the boundary location between the conservation and agricultural districts on a district boundary map. When <u>Kanahele</u> was decided, briefing had just been completed in <u>Honoipu</u>. Following <u>Kanahele</u>, Honoipu moved to transfer its case from the third circuit to this court. The LUC moved to dismiss for lack of jurisdiction arguing that because, as a result of <u>Kanahele</u>, the case should have been filed at the supreme court, the circuit court lacked jurisdiction and should dismiss the case. In response, Honoipu suggested that if the circuit court was unsure of its power to transfer the case to the supreme court, it should reserve the question.

The circuit court reserved this question pursuant to Hawaiʻi Rules of Appellate Procedure (HRAP) Rule 15 (2018). We accepted the question and designated Honoipu to be the appellant and the LUC to be the appellee.

Honoipu argues that the circuit court has the inherent authority under the Hawaiʻi Constitution and statutory authority to transfer the case <u>nunc</u> <u>pro</u> <u>tunc</u>.[2] It argues that the appeal

_____

[2] <u>Nunc</u> <u>pro</u> <u>tunc</u> translates to "now for then." <u>Nunc</u> <u>pro</u> <u>tunc</u> actions allow courts to remedy clerical issues, clear errors, and prevent manifest injustice. <u>See</u> <u>Nunc Pro Tunc</u>, <u>Black's Law Dictionary</u> (11th ed. 2019). Here, a <u>nunc</u> <u>pro</u> <u>tunc</u> order would transfer the case effective as of its date of filing in the circuit court, such that Honoipu's appeal to this court would be timely.

4

was initiated correctly based on both parties' understanding of jurisdiction at the time, and the mutual understanding of jurisdiction was upended by Kanahele.  Honoipu cites to article VI, section 1 of the Hawaiʻi Constitution, which "vests the judicial power of the State in the courts."  Farmer v. Admin. Dir. of Ct., State of Haw., 94 Hawaiʻi 232, 241, 11 P.3d 457, 466 (2000).  It cites to cases in which this court has fashioned remedies where none existed, like Farmer, in which this court allowed an appellant to "be given an opportunity to challenge the lifetime revocation of his driver's license because one of the three predicate convictions on which his revocation is based ha[d] been set aside" even though the statute did not provide such an opportunity.  Id.  Honoipu argues further that the inherent authority of the courts, as part of the judicial power of the state established by the Hawaiʻi Constitution, includes "the power to transfer cases that were otherwise timely brought from a court that lacks jurisdiction to a court with proper jurisdiction, despite that no statute explicitly provides for such recourse."

Honoipu also argues that there is supporting statutory authority in HRS § 603-21.9(6) (2016), which grants circuit courts the power to "take . . . steps as may be necessary to carry into full effect the powers which are or shall be given to

5

them by law or for the promotion of justice in matters pending before them."  It quotes this court's decision in <u>Alexander & Baldwin, LLC v. Armitage</u>, arguing that transferring the case would comport with this court's "policy in favor of hearing cases on the merits wherever possible."  151 Hawaiʻi 37, 54, 508 P.3d 832, 849 (2022).  Honoipu differentiates between jurisdiction over the merits of an appeal and the jurisdiction to effectuate a transfer, arguing that the circuit court possess the latter even without the former.  Honoipu also points to other jurisdictions in which courts have been allowed to transfer cases to cure jurisdictional problems.

The LUC argues that the "right to appeal is purely statutory and exists only when jurisdiction is given by some constitutional or statutory provision," and that the circuit court may not initiate a proceeding in a superior appellate court.  (Quoting <u>Lingle</u>, 107 Hawaiʻi at 184, 111 P.3d at 593.)  The LUC emphasizes that no statute explicitly grants the circuit court the power to transfer the appeal to the Hawaiʻi Supreme Court, and because there is a jurisdictional defect, the remedy is dismissal of the case.  The LUC disputes Honoipu's HRS § 603-21.9(6) argument, contending that while that provision grants the circuit court power to fashion remedies generally, it does not create jurisdiction or authorize the transfer here.

6

The LUC lays out the different methods for cases getting to the Hawaiʻi Supreme Court — certiorari and transfers from the ICA, as well as direct appeals designated by statute — and points out that none of them allow for cases to be transferred from a circuit court to this court.

The LUC disputes the "inherent powers" argument, asserting that Honoipu's reading of HRS § 603-21.9(6) is too broad and would render the circuit courts "effectively omnipotent." The LUC cites Pele Def. Fund v. Puna Geothermal Venture, arguing that when a circuit court lacks jurisdiction over an agency appeal, it can "do nothing but dismiss the appeal." 77 Hawaiʻi 64, 69 n.10, 881 P.2d 1210, 1215 n.10 (1994). The LUC also raises practical questions, including whether the transfer must be done by motion of a party or sua sponte, whether it is mandatory or discretionary, and what should happen if briefs have already been filed. The LUC also argues that cases from other jurisdictions do not support this transfer. Finally, the LUC argues that nunc pro tunc corrects mistakes of the court, not those of litigants. It asserts that Honoipu's appeal should have been filed in the Hawaiʻi Supreme Court, and that allowing transfer here would be correcting Honoipu's mistake, not the court's.

### III. STANDARD OF REVIEW

Reserved questions are questions of law. Flores-Case ʻOhana v. Univ. of Haw., 153 Hawaiʻi 76, 81, 526 P.3d 601, 606 (2023). We review them de novo. Id.

### IV. DISCUSSION

There is both statutory and inherent power to transfer this case. The circuit courts have statutory authority "[t]o make and issue all orders and writs necessary or appropriate in aid of their original or appellate jurisdiction." HRS § 603-21.9(1) (2016). And this court has the authority "[t]o make and issue any order or writ necessary or appropriate in aid of its jurisdiction." HRS § 602-5(a)(5) (2016). This court may also

> make and award such judgments, decrees, orders and mandates, issue such executions and other processes, and do such other acts and take such other steps as may be necessary to carry into full effect the powers which are or shall be given to it by law or for the promotion of justice in matters pending before it.

HRS § 602-5(a)(6) (2016) (emphasis added).

Article VI, section 1 of the Hawaiʻi Constitution entrusts courts with the "judicial power of the State." This court has interpreted the judicial power as inherently including "the power to administer justice." Farmer, 94 Hawaiʻi at 241, 11 P.3d at 466 (quoting State v. Moriwake, 65 Haw. 47, 55, 647 P.2d 705, 712 (1982)). Hawaiʻi courts "have inherent equity, supervisory, and administrative powers as well as inherent power

8

to control the litigation process before them. Inherent powers of the court are derived from the state Constitution and are not confined by or dependent on statute." State v. Harrison, 95 Hawaiʻi 28, 32, 18 P.3d 890, 894 (2001) (quoting Kawamata Farms, Inc. v. United Agri. Prods., 86 Hawaiʻi 214, 242, 948 P.2d 1055, 1083 (1997)). These powers include, but are not limited to, the power to "create a remedy for a wrong even in the absence of specific statutory remedies[,] . . . to prevent unfair results[,] . . . and to curb abuses and promote a fair process." Id. Other jurisdictions have held that courts have the inherent authority to transfer appeals for lack of jurisdiction or venue.[3]

The LUC is correct that there is no statutory authority that explicitly provides for the transfer of an appeal when some intervening circumstance (in this case, Kanahele) strips a court (in this case, the circuit court) of its

_____

[3]     See, e.g., Pearce v. Dir., Off. of Workers' Comp. Programs, U.S. Dep't of Lab., 603 F.2d 763, 771 (9th Cir. 1979) (collecting cases and noting that "[w]e have held that we have power to transfer a pending case to another circuit even when the latter circuit has exclusive jurisdiction and venue to review the order in question"); People v. Nickerson, 26 Cal. Rptr. 3d 563, 567 (App. 2005) (inherent authority, among other things, "empowers [the California appellate court] to order transfer [of an appeal]"); Pridgen v. Head, 210 So. 2d 426, 429 (Ala. 1968) ("The fact that the appeal was taken to the Court of Appeals rather than to [the supreme court] does not justify a dismissal of the appeal. The cause has been transferred to this court in keeping with a practice of long standing where the appeal is taken to the wrong court. The motion to dismiss the appeal is denied."); Dunn v. U.S. Dep't of Agric., 654 F.2d 64, 68 (Ct. Cl. 1981) ("[W]e have the same inherent power to transfer a case from this court to a Court of Appeals which appears to have exclusive jurisdiction."); Commonwealth v. Carter, 389 A.2d 241, 242 (Pa. Commw. 1978) ("Where the defect is the erroneous filing of the proceeding in the wrong court, this error may be corrected by certifying the case to the proper tribunal.").

jurisdiction.  But that lack of explicit statutory authority is not dispositive.  We hold that the power to "do such other acts and take such other steps as may be necessary to carry into full effect the powers which are or shall be given to them by law or for the promotion of justice" gives the circuit court the power to correct a jurisdictional mistake that was no party's or court's fault.  HRS § 603-21.9(6).

A nunc pro tunc order allows the record to "speak the truth."  DuPonte v. DuPonte, 53 Haw. 123, 126, 488 P.2d 537, 540 (1971).  "Where through no fault of the complaining party some act which the court must perform is not done at the time it ought to be done, the court, in the interest of justice, may and should presently do or perform that act as of the date it should have been done."  Keahole Def. Coal., Inc. v. Bd. of Land & Nat. Res., 110 Hawai'i 419, 430, 134 P.3d 585, 596 (2006), abrogated on other grounds by Tax Found. of Haw. v. State, 144 Hawai'i 175, 439 P.3d 127 (2019) (citation omitted).  Honoipu argues that it is in the "interest of justice" to transfer the case to this court, effective as of the date of the original filing in circuit court, (i.e., nunc pro tunc) such that it was timely filed.  The LUC argues that because jurisdiction is statutory and there is no statute authorizing transfer from a circuit court to the Hawai'i Supreme Court, transfer is inappropriate.

The unusual circumstances of this case weigh in favor of nunc pro tunc transfer. When the appeal to the circuit court was filed, Kanahele had yet to be decided. Jurisdiction was never challenged at the circuit court. The circuit court's jurisdiction only became a contested issue after Kanahele.

Transferring the case nunc pro tunc would further the judiciary's policy of "permit[ting] litigants, where possible, to appeal and hear the case on its merits." State by Off. of Consumer Prot. v. Joshua, 141 Hawaiʻi 91, 98, 405 P.3d 527, 534 (2017) (citation omitted). Now, the circuit court does not have jurisdiction to hear the case on the merits. But allowing it to transfer the case to the court with jurisdiction — this court — will permit the case to be heard on the merits. Otherwise, Honoipu could lose its day in court entirely if the time for filing an appeal is deemed to have expired. Even if the circuit court fashioned a remedy in which the case was dismissed for lack of jurisdiction - but with leave to refile the appeal with the proper court - this court would eventually see all of the same arguments these parties have already made to the circuit court. Thus, the judicially efficient remedy is to transfer the case to this court nunc pro tunc so that we may address the merits questions more expeditiously.

Answering yes to this reserved question is not a license to transfer any case from the circuit court to our

court.  Rather, in this limited circumstance, in which jurisdiction was proper when the appeal was originally filed, but the parties' understanding of jurisdiction shifted following a decision from an appellate court, transfer to perfect jurisdiction is appropriate.

### V. CONCLUSION

For the reasons described above, the answer to the reserved question is "Yes."

| | |
|---|---|
| Calvert G. Chipchase | /s/ Mark E. Recktenwald |
| Christopher T. Goodin | |
| Katherine E. Bruce | /s/ Sabrina S. McKenna |
| for appellant | /s/ Todd W. Eddins |
| | /s/ Lisa M. Ginoza |
| Julie H. China | |
| Miranda C. Steed | /s/ Vladimir P. Devens |
| for appellee | |